IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HELEN C. LITTLE,**

    **Plaintiff,**

vs.                                                                    No. CIV 00-1637 LH/LCS

**LARRY G. MASSANARI,**[1]
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* for consideration of Plaintiff's failure to prosecute her case.

### PROPOSED FINDINGS

1.    On April 9, 2001, I issued an Order setting a briefing schedule in this case, requiring that Plaintiff serve a Motion to Reverse or Remand Administrative Agency Decision with supporting memorandum by June 12, 2001, that Defendant serve a response by July 12, 2001, and that Plaintiff serve any reply, and file with the Clerk, as a package, the original and one copy of all papers relating to the Motion to Reverse or Remand Administrative Agency Decision by August 13, 2001.

2.    On July 30, 2001, I granted counsel for Plaintiff's Motion to Withdraw. Plaintiff is

---

[1] Effective March 29, 2001, Larry G. Massanari was appointed to serve as Acting Commissioner of Social Security. Pursuant to FED. R. CIV. PRO. 25 (d), Larry G. Massanari, Acting Commissioner of Social Security, is substituted for William A. Halter, Acting Commissioner of Social Security, as the defendant in this action.

currently proceeding *pro se*. To date, Plaintiff has failed to file the briefing package as required by my Order of April 9, 2001. Plaintiff has not moved for an extension of time or any other relief. This Court has inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. *Martinez v. Internal Revenue Service*, 744 F. 2d 71, 73 (10th Cir. 1984). One such sanction is to dismiss an action for want of prosecution. *Link v. Wabash R. R Co.*, 370 U. S. 626, 629-30 (1962); *DeBardeleben v. Quinlan*, 937 F. 2d 502, 504 (10th Cir. 1991). This case should be dismissed without prejudice because Plaintiff failed to comply with my Order of April 9, 2001 and failed to prosecute her case.

3.　　Before dismissing a complaint due to a plaintiff's failure to prosecute, the Court must consider five factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F. 2d 916, 921 (10th Cir. 1992). Plaintiff is hereby notified that dismissal is likely sanction for her failure to comply with my Order of April 9, 2001. In order to avoid dismissal without prejudice, Plaintiff shall address each of the *Ehrenhaus* factors in her objections to the Proposed Findings and Recommended Disposition.

## RECOMMENDED DISPOSITION

I recommend that this case be dismissed without prejudice due to Plaintiff's failure comply with my Order of April 9, 2001 and her failure to prosecute this case.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**